# UNITED STATES v. JACOBSON et al.

District Court, D. New Jersey.
July 19, 1940.

William F. Smith, Acting U. S. Atty., of Trenton, N.J., and Irwin L. Langbein, Sp. Asst. U. S. Atty., for the Government.

Morris E. Barison, of Jersey City, N. J., for defendant Louis Jacobson.

Peter Bentley, of Jersey City, N. J., for defendant George D. Cherry.

FORMAN, District Judge.

The indictment herein recites that the First National Bank of Jersey City hereinafter designated "Bank" was on February 4, 1936 duly appointed by the Court of Chancery of New Jersey as Trustee of the goods, properties, moneys and estate of the Steneck Title and Mortgage Guaranty Company, hereinafter designated "Trust". It contains eight counts, the first seven of which charge the defendant, Jacobson, with the misapplication on various dates of bank funds. In each of those counts the defendants, Bunnell, Cherry and Brown, the latter now deceased, are charged with aiding, abetting, etc., Jacobson. The final count charges a conspiracy among the four defendants to misapply bank funds.

The first count is illustrative of the first seven counts, the only difference being in dates and sums of the alleged misapplications, the material parts of which are as follows:

"The Grand Jurors of the United States * * * upon their oaths present,

"1. That * * * Louis Jacobson was an employee, to wit, Supervisor of Construction and Repairs of properties of the Steneck Title and Mortgage Guaranty Company Trust, hereinafter in this indictment called the 'Supervisor', of a certain national banking association, * * * known * * * as The First National Bank of Jersey City, Jersey City, New Jersey, hereinafter in this indictment called the 'Bank', * * * the said Bank being a member of the Federal Reserve System * * *, the said Bank being also * * * Trustee of the * * * estate of the Steneck Title and Mortgage Guaranty Company, hereinafter in this indictment called the 'Trust' * * *.

"2. And the said Louis Jacobson, so being such supervisor * * * and by virtue of his said employment and of the power, control, direction and management which he * * * had and possessed over the books, moneys, funds, credits and affairs of the said Bank * * * with intent to injure and defraud the said Bank * * * did willfully misapply certain moneys, funds and credits of the said Bank to the amount and value of Fifty nine dollars and thirty-four cents * * * by presenting to the said Bank for payment [two padded invoices] * * * each purporting to be for goods, [etc] furnished to the said Bank for changes and construction and used and to be used for the benefit of the properties of the said Trust, whereas in truth and in fact, * * * materials and supplies had not been furnished, as appeared by said invoices, for the benefit of said Trust * * *, and by fraudulently causing checks against the said Bank to be duly drawn for the payment of the said invoices and causing the same to be paid by the said Bank upon presentation and the difference between the true amount sold and delivered for the account of said Trust and the amount of said invoices the said Louis Jacobson did willfully convert to his own use and benefit, whereby the said sum of fifty-nine dollars and thirty-four cents ($59.34) was wholly lost to the said Bank:

"And the Grand Jurors * * * upon their oaths * * * do further present, that Frederick E. Bunnell, Jr., George D. Cherry and Henry Brown, Jr., * * * did willfully aid, abet, counsel, command, induce and procure the said Louis Jacobson, Supervisor as aforesaid, to knowingly, fraudulently, unlawfully and feloniously, willfully misapply the said sum of fifty-nine dollars and thirty-four cents ($59.34) of the moneys, funds and credits of the said Bank in manner and form as aforesaid;

"Contrary to the form of the statute in such case made and provided and against the peace and dignity of the United States."

The eighth count alleges that: " * * * Louis Jacobson was an employee of the said Bank [as described in the first seven counts], to wit, Supervisor of Construction and Repairs of properties of the Steneck Title and Mortgage Guaranty Trust, Frederick E. Bunnell, Jr., was an employee of the said Bank, to wit, Supervisor of Real Estate in the said Steneck Title and Mortgage Guaranty Company Trust, George D. Cherry was an officer of the said Bank, to wit, Trust Officer, and Henry Brown, Jr., was an officer of the said Bank, to wit, Vice-President; * * * hereinafter called the defendants, did willfully, [etc] conspire, [etc] by virtue of their respective employments and offices and of the power, control, direction and management as such they possessed over the books, moneys, funds and credits of the said Bank and its operations and management of the said Trust, to willfully misapply the moneys, funds and credits of the said Bank * * * at least in the amount and value of twenty thousand dollars ($20,000.00) ; * * *."

It is then alleged how and in what respect these defendants by virtue of their positions with the Bank and their responsibilities towards the Trust padded for their own benefit payrolls and invoices for materials and supplies furnished to the Trust.

A motion by the defendants Cherry and Brown to quash the above indictment was made in this case before another judge of this court. This motion was denied on May 1, 1939, because it was supported by an affidavit of the defendant Cherry, but the right was reserved in the defendants to renew their motion based solely upon the face of the indictment. Later, the renewed motion of the defendant Cherry (the defendant Brown having died meanwhile) came on before this court together with a similar motion on behalf of the defendant Jacobson.

The charges in the indictment against Jacobson for misapplication of bank funds are based upon the provisions of the law found in 12 U.S.C.A. § 592. The charges of aiding and abetting are based upon the provisions of the law found in 18 U.S.C.A. § 550, and the conspiracy is alleged to be a violation of 18 U.S.C.A. § 88. The material parts of the provisions of 12 U.S.C.A. § 592 with which we are concerned are as follows: "Any officer, director, agent, or employee of any Federal reserve bank, or of any member bank * * * who * * * willfully misapplies any of the moneys, funds, or credits of such Federal reserve bank * * * with intent in any case to injure or defraud such Federal reserve bank * * * shall be deemed guilty of a misdemeanor."

It is submitted by the defendants that the indictment fails to allege a violation of the above or any other criminal statute of the United States. It is argued that the indictment including the count for conspiracy on its face is deficient in that it does not

allege that the defendant Jacobson was an officer, director, agent or employee of a federal reserve bank, and because it appears that the money alleged to have been misapplied by Jacobson was not the money of a federal reserve bank, but of the Trust. The indictment describes the Bank as a federal reserve member, but not the Trust. It is then contended that since the indictment is deficient as to Jacobson, it must likewise fail against the surviving defendant Cherry on the counts for aiding and abetting, and on the count against both Cherry and Jacobson for conspiracy.

Defendants' argument with reference to the failure of the indictment to allege properly Jacobson's source of employment is predicated upon what they term a plain construction of the allegations of the indictment quoted supra, and their deduction from the following statute:

"National banks exercising any or all of the powers enumerated in this subsection (k) shall segregate all assets held in any fiduciary capacity from the general assets of the bank and shall keep a separate set of books and records showing in proper detail all transactions engaged in under authority of this subsection. * * *

"Funds deposited or held in trust by the bank awaiting investment shall be carried in a separate account and shall not be used by the bank in the conduct of its business unless it shall first set aside in the trust department United States bonds or other securities approved by the Board of Governors of the Federal Reserve System." 12 U.S.C.A. § 248 (k).

Defendants conclude from this statute that the Trust is an entity distinctly separate from the Bank. They further assert that Jacobson is plainly alleged to be an employee of this Trust in the capacity of Supervisor, because his employment was confined to the Trust to which all obligations incurred by him were chargeable. The familiar rule of strict construction of criminal statutes is relied upon to defeat the government's alleged effort to extend the statute to this defendant in his capacity as described in the indictment.

█ We think that essential verbiage of the indictment, as heretofore set forth, plainly alleges that Jacobson is an employee of the Bank, and that there is no repugnancy per se in the alleged description of his employment and the alleged source of his employment. Defendant's attempt to show that he is actually an employee of the Trust is based upon premises aliunde the indictment of which we cannot take cognizance. This argument should be addressed to the proofs or lack thereof at an appropriate time during the course of the trial, if at all. We find that the indictment alleges that the defendant Jacobson was an employee of the Bank in such plain language as to completely thwart his attack that its words are ambiguous.

█ The statute, 12 U.S.C.A. § 248 (k), supra is also relied upon in support of the contention that the indictment on its face shows that the funds alleged to have been misapplied were funds of the Trust and not those of the Bank. This statute requires a segregation of the assets of the Trust and those of the Bank, and a substitution of bonds in the place of funds removed from the Trust. Hence, it is argued that the funds of the Bank could not have been misapplied unless it had made a substitution of bonds for funds removed from the Trust. It is also argued that the funds of the Trust in such a case are presumed to remain intact unless it is shown first that the assets of the Bank were depleted. In support of the latter point Knatchbull v. Hallett, [1879], L.R. 13 Ch.Div. 696-C.A. and a number of American decisions are relied upon for the proposition that a trustee in dealing with trust funds commingled with his own is presumed to have used his own funds before misapplying funds of the trust. However relevant this theory of law may be to the relationship of trustee and cestui que trust, we do not find that it aids the defendants in their present motions. Indeed, it seems to us that if that principle should be applied herein, the alleged misapplications would have been from the Bank and not the Trust, assuming, of course, there was a comminglement of assets.

We are not persuaded by these arguments, because they are likewise based upon premises aliunde the indictment. The fact is that the indictment alleges that these funds were funds of the Bank. Any contradictions of that fact must be based upon facts of which we are unable to take cognizance at this time.

█ Upon the face of the indictment Jacobson is charged, as an employee of a federal reserve bank with having misapplied the "moneys, funds and credits of the said Bank". The burden will be upon the government to submit proper proof to sus-

tain its charges. Who hired Jacobson, who paid him and whose employee he was are questions which raise issues of proof which the government is bound to satisfy at the trial or else appropriate motions of the defendants at that time will terminate the case.

It follows that for like reasons the court is of the opinion that the objections to the counts on aiding and abetting, and the count on conspiracy must be overruled.

Each of the motions to quash on behalf of the defendants Jacobson and Cherry are denied.